IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD SMILEY and<br>MARILYN SMILEY, h/w<br>      Plaintiffs, | : | |
| | : | |
| v. | | CIVIL ACTION<br>NO. 13-7411 |
| ARTISAN BUILDERS; THE<br>WHEELCHAIR MAN COMPANY,<br>INC. and UNITED STATES OF<br>AMERICA | : | |
| | : | |
|       Defendants. | | |

**MEMORANDUM**

**Jones, II   J.**                                                                                         **March 4, 2015**

### I.     Introduction

The within matter involves negligence and loss of consortium claims brought against Defendants by Plaintiff Ronald Smiley and his wife, Marilyn Smiley.  Plaintiffs contend Mr. Smiley sustained injuries when the locking mechanism on a government-issued wheelchair lift failed to engage, allegedly causing him – while seated in his wheelchair - to fall 12 feet to the ground.  Defendant United States of America ("USA") has filed a Motion to Dismiss Plaintiffs' claims under the Federal Tort Claims Act ("FTCA") for lack of subject matter jurisdiction.  Defendant also seeks dismissal of Mrs. Smiley's loss of consortium claim for failure to exhaust her administrative remedies.  For the reasons set forth below, Defendant USA's Motion will be granted in part and denied in part.

## II.     Factual and Procedural Background

Plaintiff Ronald Smiley lost his leg decades ago as a result of his service as a member of the Armed Forces. (Am. Compl. ¶ 14.) Since the incident, Mr. Smiley has used a motorized wheelchair to assist him with mobility. (*Id.*) Due to his veteran status, Mr. Smiley has received his wheelchairs and similar services from the United States Department of Veteran Affairs ("VA"). (Am. Compl. ¶ 17; Mot. Dismiss, 3.) Specifically, the VA has contracted with Artisan Builders ("Artisan") and The Wheelchair Man Company, Inc. ("Wheelchair Man") to provide Mr. Smiley goods and services related to his disability. (Am. Compl. ¶¶ 15-16, 18; Mot. Dismiss, 7.) Artisan installed a vertical platform lift at Mr. Smiley's home in order to allow him street access from his building. (Am. Compl. ¶ 15.)[1] Plaintiffs allege that the lift was serviced and maintained by Wheelchair Man. (Am. Compl. ¶ 21.) Plaintiffs further aver Artisan modified the lift to accommodate the size of Mr. Smiley's electric wheelchair and in doing so, altered the safety alarm mechanism. (Am. Compl. ¶¶ 18-20.) As a result of this alleged alteration, Mr. Smiley claims the locking mechanism on the lift failed to engage, causing him to fall 12 feet to the ground. (Am. Compl. ¶ 23.) Mr. Smiley alleges he suffered serious injuries to his neck, spine, shoulder, and consequent medical and financial expenses as a result of the fall. (Am. Compl. ¶¶ 26-29.) Mr. Smiley further claims these injuries were the direct and proximate result of Defendants USA, Artisan, and Wheelchair Man's negligence. Plaintiffs' Complaint also includes a loss of consortium claim brought by Mrs. Smiley. (Am. Compl. ¶¶ 31-33.)

## III.    Standard of Review—Rule 12(b)(1)

Inasmuch as Defendant USA's Motion raises jurisdictional issues involving "independent contractor" status under the FTCA, this Court shall assess same in accordance with Fed. R. Civ.

---

[1] Plaintiffs aver that this lift was initially purchased from Defendant Wheelchair Man. (Am. Compl. ¶ 16.)

P. 12(b)(1). *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997) (affirming district court's dismissal of FTCA claim under 12(b)(1) because the issue at hand—the tortfeasor's independent contractor status—is a jurisdictional one); *Smith v. Steffens*, 429 F. Supp. 2d 719, 720-21 (E.D. Pa. 2006) (addressing motion concerning defendant's FTCA independent contractor status under 12(b)(1)); *Dugan v. Coastal Indus., Inc.*, 96 F. Supp. 2d 481, 482-83 (E.D. Pa. 2000) (assessing motion concerning independent contractor exception to the FTCA under 12(b)(1)).

A motion brought pursuant to Rule 12(b)(1) may take the form of either a facial or factual attack on a plaintiff's Complaint. *Tucker v. Sec'y of HHS*, 487 F. App'x 52, 54 (3d Cir. 2012) ("Where a motion constitutes a factual (as distinct from a facial) attack on the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. (citing *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Where, as here, there is a factual challenge (Mot. Dismiss 5), the court may look outside the Complaint and "consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) (citing *Mortensen*, 549 F.2d at 891-92). It is a plaintiff's burden to prove that subject matter does in fact exist. *Mortensen*, 549 F.2d at 891.

**IV.    Discussion**

    **A.    Independent Contractor Status under the FTCA**

The FTCA vests district courts with exclusive jurisdiction over claims brought against the United States for negligence committed by its employees. 28 U.S.C. § 1346(b). The Act explains that the term "employee" does not include any contractor with the United States. 28 U.S.C. § 2671. Thus, the United States cannot be held liable under the FTCA for the negligent acts or omissions of its independent contractors. This is referred to as the "independent

contractor exception" to the FTCA.  *See Bailey v. United States Marshals Serv. Headquarters,* 426 F. App'x 44, 46 (3d Cir. 2011) ("An action may be brought under the FTCA only if the alleged tortfeasor is an employee of the United States; suits against independent contractors are not viable.") (citing *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997)).

The determinative factor in distinguishing between a federal employee and an independent contractor for purposes of the FTCA is "whether the government has the power to control the detailed physical performance of the contractor." *United States v. Orleans*, 425 U.S. 807, 814 (1976); *see also Moreno v. United States,* 387 F. App'x 159, 160-161 (3d Cir. 2010) ("The critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power to 'control the detailed physical performance of the contractor.' Under this standard, 'it is not necessary for the Government to continually control all aspects of the individual's activities, so long as it has the authority to do so given the nature of the task.'") (internal citations omitted). Control is determined by the level of supervision the federal government exercises over the day-to-day operations of the entity at issue. *Orleans* at 815; *Norman*, 111 F.3d at 357.  Courts ordinarily look to the contract or agreement(s) between the United States and the potential contractor to determine the nature of their employment relationship. *Bailey*, 426 F. App'x at 46-47 (looking to jail's contract with the United States in concluding that the jail was an independent contractor); *Norman*, 111 F.3d at 357 (finding the independent contractor exception applied based on the language of the contract between the United States and the independent contractor); *Nazzaro v. United States*, 304 F. Supp. 2d 605, 617 (2004) ("In order for the independent contractor exception to be relevant, there must be a contract between the United States and [another party] that requires [said party] to perform some type of service for the government.").

In this case, neither party has proffered any written contract between the United States and Artisan or Wheelchair Man.[2]  Instead, attached to Defendant USA's Motion is a Declaration by Gary Woodring, the VA's Chief of Prosthetics. (Mot. Dismiss Ex. A.)  In said Declaration, Mr. Woodring alleges that the VA "***specifically contracts with*** [Wheelchair Man] and [Artisan] to handle the delivery and installation of [medical equipment] because the [VA] lacks such expertise." (*Id.* ¶ 3) (emphasis added).  Mr. Woodring also avers that "once the equipment is prescribed to the patient, the Medical Center issues a purchase order to the manufacturer of the equipment for delivery to the patient." (*Id.* at ¶ 2.)  Defendant USA claims it failed to attach any purchase orders to its Motion because said documents are part of Ronald Smiley's private medical records and The Privacy Act of 1974, 5 U.S.C. § 552 prohibits them from doing so. (Mot. Dismiss Reply 3.)[3]  However, a determination of whether or not Defendants Artisan and Wheelchair Man were independent contractors would be more properly derived from the language of the underlying contracts between these parties and not necessarily through the specific purchase orders pertaining to Mr. Smiley.

Without any objective documentation of agreements or contracts between the United States, Artisan and Wheelchair Man, this Court is unable to render a decision regarding independent contractor status.[4]  Accordingly, the court will grant jurisdictional discovery in

---

[2]  This Court remains mindful of the fact that it is ultimately Plaintiffs' burden to prove subject matter jurisdiction.

[3]  In that same vein, Defendant USA alleges it has asked Plaintiff's counsel to sign a medical records release, so that Defendant USA could attach the purchase orders to its Motion, however, Plaintiffs' counsel has refused to provide same. (Mot. Dismiss Reply 3.)  For the reasons set forth herein, the purchase orders specifically related to Ronald Smiley are not necessarily determinative of the issue at bar.

[4]  Defendant USA relies heavily on *Steffens*, arguing that in both *Steffens* and this case, the purpose of the agreement between the United States and its independent contractor was to have

order to afford all parties ample opportunity to discern the precise nature of the United States' relationships with both Artisan and Wheelchair Man.[5]

### B. Marilyn Smiley's Loss of Consortium Claim

In Count II of Plaintiffs' Amended Complaint, Marilyn Smiley asserts a loss of consortium claim against all defendants. (Am. Compl. ¶¶ 31-33.)  Defendant USA moves to dismiss this claim, arguing that Mrs. Smiley failed to comply with the exhaustion requirements of 28 U.S.C. § 2675(a) because she never filed an administrative claim. (Mot. Dismiss Mem. 8-9.)

Paragraph 11 of Plaintiffs' Amended Complaint reads in pertinent part as follows: "Plaintiffs have complied with the pre-suit notification requirements of the FTCA by filing their administrative claims for a sum certain with the Department of Veterans Affairs."  (Am. Compl. ¶ 11.)  However, in their Response to the instant Motion, Plaintiffs do not dispute Defendant USA's contention that Mrs. Smiley failed to exhaust her administrative remedies or provide documentation to show otherwise.  Nor do Plaintiffs dispute the uncontroverted authority mandating dismissal for failure to exhaust.  Instead, they ask this Court to permit Mrs. Smiley's claim to proceed, "nevertheless."  (Resp. Mot. Dismiss 10.)

---

the independent contractor perform specialized functions. (Mot. Dismiss 8.) Plaintiffs rely on *Dugan*, wherein the court refused to dismiss an FTCA claim after determining that discovery could provide further evidence that Defendant was a federal employee rather than an independent contractor. (Resp. Mot. Dismiss 9.)  This Court recognizes that in both *Steffens* and *Dugan*, the court's decision was based upon its interpretation of a contract. *Steffens*, 721 F. Supp. 2d at 721-22 (analyzing the contract to determine whether party was an independent contractor); *Dugan*, 96 F. Supp. 2d at 483-85 (comparing the parties' contract to other contracts from previous FTCA cases).

[5]   This Court notes Plaintiffs' apparent request to conduct jurisdictional discovery as an alternative to dismissal. (Resp. Mot. Dismiss 9) ("To grant dismissal at this stage, without allowing Plaintiffs an opportunity to pursue discovery on these issues . . . is fundamentally unfair.").

This Court finds that because Marilyn Smiley has failed to exhaust her administrative remedies with regard to loss of consortium, it lacks jurisdiction over her claim and the same must be dismissed. *See Fullman v. United States*, Civ. No. 07-1663, 2007 U.S. Dist. LEXIS 57625, at *11 (E.D. Pa. Aug. 7, 2007) ("Federal courts have jurisdiction over claims against the United States for actions brought under the FTCA if, and only if, the plaintiff has first exhausted his administrative remedies . . . [by presenting] his claim to the appropriate federal agency." (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993))); *Gland v. United States*, Civ. No. 03-1697, 2003 U.S. Dist. LEXIS 23894, at *15-16 (E.D. Pa. Dec. 16, 2003) (dismissing a plaintiff's loss of consortium claim as "jurisdictionally barred due to her failure to exhaust administrative remedies before filing suit" and declining to "infer constructive notice of loss of consortium claims from one single Form 95 that facially refers only to the spouse's injury.") (citations omitted); *Dugan,* 96 F. Supp. 2d at 485 (dismissing plaintiff's wife's loss of consortium claim for lack of subject matter jurisdiction because she failed to file an administrative complaint).

## V. Conclusion

For the reasons set forth hereinabove, Defendant USA's Motion to Dismiss Ronald Smiley's negligence claim shall be denied without prejudice and the parties shall engage in jurisdictional discovery limited to the issue of whether Artisan and Wheelchair Man are "independent contractors" for purposes of potential liability under the FTCA.  Additionally, Marilyn Smiley's loss of consortium claim shall be dismissed for failure to exhaust her administrative remedies.

An appropriate Order follows.

BY THE COURT:

/s/  C. Darnell Jones, II       J.